```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

ROBERT HOLMES, JR.,               *

      Plaintiff,                  *

vs.                               *

DEPARTMENT OF THE ARMY, ARMY      *    CASE NO. 4:13-CV-159 (CDL)
BOARD   FOR   CORRECTION   OF
MILITARY   RECORDS   -   AR       *
#20120017732,
                                  *
      Defendants.
                                  *
```

O R D E R

Ten years after his honorable discharge, Plaintiff Robert Holmes, Jr. ("Holmes") sought to change his military records to reflect a medical disability discharge. After the Army Board for Correction of Military Records ("ABCMR") denied his request, he filed the present action for judicial review pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. He contends that the ABCMR's decision was arbitrary, capricious, and contrary to law, and he asks the Court to order the requested change to his records and to award him all benefits to which he would have been entitled had he been discharged with medical retirement status on September 12, 2001. Defendants respond that this action fails as a matter of law because the ABCMR's decision was reasonable and supported by evidence in the record. Presently pending before the Court is Defendants'

motion for summary judgment (ECF No. 8). Holmes, proceeding *pro se*, failed to file a response. For the reasons that follow, the Court grants Defendants' motion for summary judgment.[1]

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

To set aside an agency action, a reviewing court must find that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard of review is "exceedingly deferential" in that the reviewing court cannot substitute its own judgment for that of the agency as long as the agency's

---

[1] Defendants also seek to have this action dismissed to the extent that Holmes contends that his request for reconsideration was improperly denied. Because the Court finds the ABCMR's underlying decision to deny his request to change his records to reflect a medical retirement was not arbitrary and capricious, Holmes's claim regarding the refusal to reconsider is rendered moot.


conclusions are found to be rational. *Defenders of Wildlife v. U.S. Dep't of the Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013) (citing *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009); *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008) ("The court's role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision.") (internal quotation marks omitted); *see also Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541-42 (11th Cir. 1996) (describing the narrow standard as giving "the *least* latitude in finding grounds for reversal"). An agency decision is not rational if the agency "'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem,'" or offered an explanation "'that runs counter to the evidence'" or that "'is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Defenders of Wildlife*, 733 F.3d at 1115 (quoting *Miccosukee Tribe of Indians*, 566 F.3d at 1264).

Holmes, a former captain in the United States Army, sought medical retirement from the military in late 2001.  Previously in 2000, the Department of Veterans Affairs ("VA") had given Holmes a disability rating of 100% due to post-traumatic stress disorder.  The medical retirement process was never completed,

and Holmes received an honorable discharge rather than medical retirement. That discharge was effective January 1, 2002. Letter from U.S. Dep't of the Army to R. Holmes (Nov. 6, 2001), ECF No. 8-4 at 41. Almost ten years later, Holmes requested that the ABCMR change his military records to reflect medical retirement. Application for Correction of Military Record (Oct. 27, 2011), ECF No. 8-3 at 58. The ABCMR determined that his request was not filed within the three-year statute of limitations, but nevertheless conducted a substantive review to determine whether it would be "in the interest of justice to excuse" the untimely filing pursuant to 10 U.S.C. § 1552(b). ABCMR Record of Proceedings AR20110021740 1 (Aug. 2, 2012), ECF No. 8-2 at 21. The ABCMR found insufficient evidence to excuse the ten-year delay and insufficient evidence that Holmes should have received medical retirement under the Physical Disability Evaluation System. *Id.* at 2-3. Holmes requested reconsideration, but the ABCMR returned his request without action pursuant to Army Regulation 15-185 ¶ 2-15(a). Letter from C. Meyer to R. Holmes (May 10, 2013), ECF No. 8-2 at 4.

The Court finds that the ABCMR's denial of Holmes's request to change his military records was not arbitrary and capricious. The ABCMR considered the application and documents submitted by Holmes as well as his military personnel records and provided a rational explanation based on that evidence to support its

conclusions denying Holmes's request. ABCMR Record of Proceedings AR20110021740 1-3. Holmes was aware of his VA disability status at the time he received his honorable discharge instead of medical retirement, yet he did not request the change until nearly seven years after the three-year statute of limitations expired. *Id.* Moreover, his official records failed to show that he should have been deemed unable to perform his military duties under the Physical Disability Evaluation System, even though he had been deemed disabled under the VA standards. The ABCMR explained that the VA applies different standards and policies when making disability ratings. *Id.* Because the ABCMR rationally concluded that it would not be in the interest of justice to excuse the untimely filing and grant the relief sought, there is no basis for setting aside the ABCMR's decision. *See Defenders of Wildlife*, 733 F.3d at 1115 (citing *Miccosukee Tribe of Indians*, 566 F.3d at 1264). Therefore, the Court grants summary judgment in favor of Defendants. *See Rease v. Harvey*, 238 F. App'x 492, 493-94 (11th Cir. 2007) (per curiam) (affirming summary judgment against *pro se* plaintiff seeking change in military record to reflect medical discharge because ABCMR's decision not to excuse untimely request was not arbitrary and capricious).

CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 8) is granted.

IT IS SO ORDERED, this 17th day of March, 2014.

                                      S/Clay D. Land
                                          CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE